UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID HIRSCH,

                        Petitioner,

v.

FEDERAL PRISON CAMP and BILL EISCHEN, *Duluth Warden or current acting Warden*,

                        Respondents.

Civil No. 25-1591 (JRT/SGE)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

David Hirsch, Register Number 08572-029, Federal Prison Camp – Duluth, Post Office Box 1000, Duluth, MN 55814, *pro se* Petitioner.

Kristen Elise Rau and Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner David Hirsch challenges the Bureau of Prisons' ("BOP") denial of earned time credits under the First Step Act. He argues that because only one of his two convictions is disqualifying under the First Step Act, he should receive time credits for the qualifying portion of his sentence. Magistrate Judge Shannon G. Elkins issued a Report and Recommendation ("R&R") recommending that the Court deny Hirsch's petition for writ of habeas corpus because 18 U.S.C. § 3584(c) requires the BOP to treat consecutive sentences as a single, aggregate term for administrative purposes. Hirsch objects to the R&R. Because Hirsch's aggregate sentence includes a disqualifying conviction under 18

U.S.C. § 924(c), the Court will overrule his objections, adopt the R&R, deny Hirsch's petition for writ of habeas corpus, and dismiss the action with prejudice.

## BACKGROUND

Hirsch is currently serving two consecutive federal sentences: 60 months for possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 60 months for possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). *See United States v. Hirsch*, No. 3:20-3019 (N.D. Iowa). Hirsch seeks to apply time credits earned under the First Step Act of 2018 ("FSA") to the drug offense portion of his sentence.

The BOP denied Hirsch any FSA credits, citing 18 U.S.C. § 3632(d)(4)(D)(xxii), which excludes prisoners with § 924(c) convictions from eligibility. (*See* Pet. for Writ of Habeas Corpus ("Pet."), Ex. A at 1, Apr. 21, 2023, Docket No. 1-1.) Hirsch then filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that the BOP's interpretation is incorrect because only one of his convictions is disqualifying, and the FSA does not expressly prohibit applying credits to qualifying portions of a consecutive sentence. (*See* Pet.) The Magistrate Judge issued an R&R recommending that the Court deny the petition and dismiss this action. (R. & R. at 3–4, May 8, 2025, Docket No. 5.) Hirsch timely objected. (Obj., June 13, 2025, Docket No. 8.)

**DISCUSSION**

**I.   STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

A document filed by a pro se litigant must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit instructs courts to liberally construe general and conclusory pro se objections to R&Rs and to conduct de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

**II.   ANALYSIS**

Hirsch challenges the BOP's determination that he is ineligible for time credits earned under the FSA. He contends that the agency misinterpreted the relevant statutes and that the Magistrate Judge improperly considered the merits of his petition at the

screening stage. After de novo review, the Court agrees with the Magistrate Judge's conclusion that Hirsch's sentence must be treated as one aggregate sentence, meaning that he is ineligible for FSA credits and his petition must be dismissed with prejudice.

### A. Summary Dismissal

Hirsch argues that the Magistrate Judge erred in recommending dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] He cites *Blackledge v. Allison* for the proposition that summary dismissal under Rule 4 is inappropriate because his petition is not procedurally barred or frivolous. 431 U.S. 63, 75–76 (1977).

Hirsch's argument mischaracterizes both Rule 4 and *Blackledge*. Rule 4 allows dismissal when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases (2019). *Blackledge* does not limit that authority. In *Blackledge*, the Supreme Court rejected summary dismissal of the petitioner's habeas petition because the petitioner had pleaded specific factual allegations that were not clearly contradicted by the record. 431 U.S. at 75–76.

Here, by contrast, Hirsch raises a purely legal claim that fails under 18 U.S.C. § 3584(c) and binding precedent. The Eighth Circuit has upheld the denial of nearly

---

[1] Although Hirsch brought this petition under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases may be applied to habeas petitions brought under § 2241. *See* Rule 1(b).

identical petitions. *See, e.g.*, *Clinkenbeard v. Murdock*, No. 24-3127, 2025 WL 926451, at *1 (8th Cir. Mar. 27, 2025) (per curiam). Because it plainly appears from the face of the petition that Hirsch is not entitled to relief, dismissal under Rule 4 is appropriate.

### B. Aggregate Term Under 18 U.S.C. § 3584(c)

Hirsch does not dispute that he was convicted under § 924(c), a disqualifying conviction, but he argues that time credits should still apply to the qualifying portion of his sentence under § 841(b)(1)(B). That argument is foreclosed by 18 U.S.C. § 3584(c), which directs: "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c).

18 U.S.C. § 3584(c) requires the BOP to evaluate credit eligibility based on the entire sentence, not on its individual components. Consistent with this requirement, courts have held that a single disqualifying offense renders the entire aggregate sentence ineligible. *See Clinkenbeard v. King*, No. 23-3151, 2024 WL 4355063 at *5 (D. Minn. Sept. 30, 2024), *aff'd*, *Clinkenbeard*, 2025 WL 926451, at *1; *Tyler v. Garrett*, No. 24-1147, 2024 WL 5205501, at *1 (8th Cir. Dec. 24, 2024).

Because Hirsch's aggregate sentence includes a disqualifying § 924(c) conviction, he is ineligible to receive FSA credits.

C. *Loper Bright*

Hirsch also contends that the BOP's interpretation of the FSA is impermissible under the Supreme Court's ruling in *Loper Bright Enterprises v. Raimondo*. 603 U.S. 369 (2024).

Under *Loper Bright*, courts must exercise independent judgment when interpreting statutes and may not defer to an agency's legal interpretation merely because the statute is ambiguous. *Id.* at 412–13. Though, courts may still consider the agency's interpretation for its persuasive value. *Id.* at 394 (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).

Here, the Court finds the agency's interpretation of the statute to preclude prisoners like Hirsch from becoming eligible for time credits to align with the Court's own interpretation of the statutory language. The FSA expressly excludes individuals convicted under § 924(c) from eligibility, and § 3584(c) requires that multiple sentences be treated as a single, aggregate term for administrative purposes. Because the outcome follows directly from the plain meaning of the text, the Court concludes that Hirsch is ineligible for FSA credits.

**CONCLUSION**

The Magistrate Judge correctly concluded that Hirsch is ineligible to earn time credits under the First Step Act because his aggregate sentence includes a conviction under 18 U.S.C. § 924(c), which is a disqualifying offense under 18 U.S.C. § 3632(d)(4)(D)(xxii). Based on the plain language of the statutes, Hirsch is ineligible to

accrue earned time credits for any portion of his aggregate term of imprisonment under the First Step Act.

The Court will therefore overrule Hirsch's objections, adopt the R&R, deny the petition, and dismiss this action with prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Report and Recommendation [Docket No. 8] is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 5] is **ADOPTED**;

3. Petitioner's Writ of Habeas Corpus [Docket No. 1] is **DENIED**; and

4. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 11, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge